UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

UNITED STATES OF AMERICA     PLAINTIFF

vs.     CRIMINAL ACTION NO. 3:10-CR-48-CRS

EDGAR BRAVO RODRIGUEZ     DEFENDANT

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on motion of Defendant Edgar Bravo Rodriguez "to correct sentence." DN 30, p. 1, PageID #113. The United States has responded asserting a number of reasons the motion should be denied. DN 36. No reply has been filed. The matter is now ripe for decision.

Rodriguez was indicted in 2010 for unlawful possession of an unregistered sawed off shotgun, a charge to which he pled guilty. He was sentenced to 37 months imprisonment followed by 36 months of supervised release. He served out his prison sentence on November 1, 2013. Rodriguez purportedly violated his conditions of release while on supervised release and a warrant was issued for his arrest on November 27, 2017. Because he was serving a state prison sentence when the warrant issued, a detainer was lodged on May 29, 2018 with his jailer.

Rodriguez states that he has eight months left to serve on his state sentence. He moves, *pro se*, "pursuant to Fed.R.Crim.P. 32…to CORRECT his aggregate Federal time imposed under Case No. 3:10-cr-00048-CRS; by ORDERING said time to run concurrently with the aggregate (10) years that Petitioner is serving under Case No. 18-CR-00037 in the Kentucky Dept. of Corrections (KDOC)." DN 30, p. 1, PageID #113. He claims that his trial counsel in this Court

was ineffective at his guilty plea and sentencing and that he "needs counsel appointed to supplement/assist with this action now before this court post-conviction." DN 30, p. 3, PageID # 115.

Rodriguez seeks to have the detainer lifted. He apparently believes, in error, that the detainer concerns his sentence for the firearms charge imposed in 2011. He seeks a "correction of sentence" and challenges the sufficiency of counsel's representation of him on that charge. As correctly noted by the United States, however, there is no federal "sentence" for this Court to "correct," as the detainer relates to the 2017 warrant for Rodriguez's purported probation violations.[1] Further, Rodriguez's allegations of ineffective assistance of counsel are similarly incorrect. There is nothing about counsel's representation of Rodriguez on the underlying firearms charge that is pertinent to the detainer lodged against him for purported violations of the terms of his supervised release.

The Court has been shown nothing improper about the detainer for which it should be lifted. To the extent Rodriguez seeks to have the Court "aggregate" his federal firearms sentence with his state sentence, there is nothing to aggregate. At such time as he comes before this Court on the warrant for probation violations, he will have the opportunity to address the Court.

Finally, to the extent Rodriguez is asking for appointment of counsel, the Sixth Amendment secures to a defendant who faces incarceration the right to counsel at all "critical stages" of the criminal process. *See United States v. Wade*, 388 U.S. 218, 224 (1967) ("our cases have construed the Sixth Amendment guarantee to apply to 'critical' stages of the proceedings"). However, this constitutional right does not extend to motions for post-conviction relief. *See Pennsylvania v.*

---

[1] Although Rodriguez is presently serving a prison sentence for crimes which appear to have been committed while he was on probation from this Court, we use the term "purported" herein as the allegations of probation violations which prompted issuance of the warrant have not yet been brought before this Court for adjudication.

*Finley*, 481 U.S. 551, 555 (1987) ("the right to appointed counsel extends to the first appeal of right, and no further"); *Shedwick v. Warden N. Cent. Corr. Inst.*, No. 16-3203, 2016 WL 11005052, at *3 (6th Cir. Dec. 30, 2016) ("[T]here is no right to counsel in a post-conviction action").  At present, there is a detainer lodged against Rodriguez as he serves his state sentence.  As he does not presently face a critical stage in the criminal process, the Court will decline his request for appointment of counsel.

Therefore, motion having been made and the Court being otherwise sufficiently advised, **IT IS HEREBY ORDERED AND ADJUDGED** that the motion of Defendant Edgar Bravo Rodriguez to "Correct Sentence Pursuant to Fed. R. Crim. P. 32" (DN 30) is **DENIED.**

August 22, 2023

Charles R. Simpson III, Senior Judge
United States District Court

3